JOHNSON, Justice,
delivered the opinion of the court. —This vessel, with her cargo, was condemned in the district court of Delaware, for a violation of the act of April 1818, entitled, “ an act concerning navigation.” That decree having been reversed in the circuit court, the cause is now brought up by appeal to this court.
Several grounds, in support of the latter adjudication, have been insisted 011 *n argument 5 but *the court deem it unnecessary to advert to more than one, as that will dispose of the case finally, and fix the most important point which it presents, to wit, the correct construction of the first section of the act in question. We are unanimously of opinion, that the construction insisted on by the claimant’s counsel, is the only correct construction. It is perfectly clear, that the case of this vessel is not literally comprised within the provisions of this act; for it only prohibits a voyage from a closed port of Great Britain to a port of the United States ; and the purport and effect of the latter part of the first clause, amounts to no more than a declaration, that the continuity of such voyage shall not be broken by the act of touching at, or clearing out from, any port of a colony or territory of Great Britain 'which may be open to American shipping.
But it has been contended, in behalf of the appellants, that although not *167 within the letter, it is within the mischief intended to be obviated by the statute, and, therefore, subject to the penalty. If, by this argument, it be intended to maintain, that acts done in fraud of a.law, are acts in violation of the law, the principle may be conceded ; but we fully concur in the views of the policy of this law, as explained by the claimant’s counsel, and are satisfied, that the latter provisions of the first clause were solely intended to guard against the effects which the permission of a general trade at one or more of the British colonial ports, may have had in defeating the policy of the act altogether. The legislature had not in view a fair *unaffected trade through the ports of any other nation. It is obvious, that attempts might have been made to evade the law, by an affected trade through an intermediate port; and it is not to be supposed, that this government, or its courts, would have failed to check such an attempt; but we are fully satisfied, that this was not such a case. The evidence of fairness is full and unequivocal. There was time, even upon ordinary calculation, to have completed the voyage from Jamaica to Old Providence, and thence to Philadelphia, before the prohibition was by law to take effect, as is proved by the fact of her having arrived in the Delaware, at a time which left it doubtful whether she was, or was not, within the period specified for its suspension. The cargo, too, was taken in at the port of Old Providence, and was of a description well known to belong to the trade of that port, from its having been the depot of captures, and probably of a covered trade from the continent of South America. Everything conspires to exempt the vessel from the charge of fraudulent intention, and therefore, leaves no ground for the condemnation.
Decree of the circuit court affirmed.